UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 3-cr-20082

VERSUS                            JUDGE HAIK

CHAD E. MELBERT                   MAGISTRATE JUDGE HANNA

### Report and Recommendation
### [Doc. 50 and 52]

Pending before the undersigned, on referral by the District Judge  for Report and Recommendation is the "Motion for §2255 and §2241" filed by *pro se* petitioner Chad E. Melbert. [Rec. Doc. 52] Also referred for Report and Recommendation are questions remanded by the Fifth Circuit Court of Appeals, relating to Melbert's §2241 claims. [Rec. Doc. 50] Since the undersigned is able to make this recommendation based on the record, transcripts and briefs of the parties, no evidentiary hearing is necessary.  *U.S. v. Green*, 882 F.2d 999, 1008(5th Cir. 1989).

For the following reasons, and after considering the issues remanded by the Fifth Circuit Court of Appeals, the undersigned recommends that the motion(s) of Chad E. Melbert be DENIED AND DISMISSED WITH PREJUDICE.

### Background and Procedural History

On September 3, 2002, Chad E. Melbert was arrested by officials of the Lake Charles Police Department and charged with Attempted Second Degree Murder, possession of a weapon by a convicted felon and possession of Schedule IV controlled substances. [PSI, p.

9]  Melbert had a previous conviction (April 21, 2001) for Possession of Marijuana with Intent to Distribute in the 14th Judicial District Court of Lake Charles, Louisiana.  As a result of that conviction, Melbert was prohibited from possessing a firearm. [PSI. p. 3]

On September 10, 2003, while Melbert was incarcerated at the Calcasieu Corrections Center, a federal arrest warrant was issued.  On September 26, 2003, a Writ of Habeas Corpus Ad Prosequendum was issued, directing the U.S. Marshal to procure Melbert from the Calcasieu Parish Correctional Center to deliver him to the U.S. District Courthouse for his initial appearance and arraignment on the federal charges. [Rec. Doc. 6]

On October 8, 2003, Melbert made his initial appearance in federal court.  An Order of Detention Pending Trial was issued the same date, indicating that "defendant is not entitled to release under the Bail Reform Act.  Defendant waived a detention hearing as he is currently in state custody awaiting trial in Lake Charles, LA, currently set for October 20, 2003." [Rec. Doc. 10]

On December 1, 2003, Chad  E. Melbert pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(1)(2). [Rec. Docs. 21-25] On June 28, 2004, the district court sentenced Melbert to a term of 72 months imprisonment, which sentence was to run consecutively to any sentence that Melbert was to receive for violation of his state probation[1], and with credit for time served.  Judgment was entered on July 12,

_____

[1]The pre-sentence investigation report in the matter indicates that at the time of his arrest, Melbert was on state supervised probation for a conviction of possession of marijuana with intent to distribute, for which he had been sentenced

2004, and Melbert filed no direct appeal. [Rec. Doc. 30]

On July 14, 2004, Melbert received a sentence in state court of seven years imprisonment for each of two counts of "attempted manslaughter," arising out of the same incident which led to his federal charges.  The state court judgment indicated that the state sentences would run concurrently to each other and to the federal sentence.  The sentence additionally instructed that Melbert would be given credit for time served since September 2, 2002.[Rec. Doc. 39, p. 4]

On June 7, 2006, from his place of incarceration at Calcasieu Correctional Center, Melbert filed a 'letter motion,' requesting a transfer to a federal facility. [Rec. Doc. 33] On July 17, 2006, he filed another 'letter motion,' seeking to modify his sentence to reflect that his federal sentence should run concurrent with his state sentence. [Rec. Doc. 34]

On August 13, 2008, Melbert was paroled from his state sentence to USMS custody based on the federal detainer filed against him.  At that point, he was designated and delivered to the Bureau of Prisons, for service of his federal term. The  record also indicates: "[S]taff verified credit from the date of your arrest on September 3, 2002, through the date you paroled from your state term on August 13, 2008, was applied toward your state sentence." [Rec. Doc. 53, p. 15]

On August 3, 2009, Melbert filed a 'Motion to Clarify Commencement of Sentence

---

to three years imprisonment, all but 2 months suspended, and 2 years supervised probation.  The defendant completed the 2 month imprisonment which had not been suspended on May 12, 2001. [PSI, para. 30, 32; Rec. Doc. 25, 28]

and to Order Release Under Title 18 U.S.C. §3584(a)' arguing that the USMS should have taken him into custody before he was sentenced on the state charges so that the state court sentence could have run concurrent with his federal sentence. [Rec. Doc. 38] On March 1, 2010, the District Court denied Melbert's motion for transfer to a federal facility as moot, since he was in federal custody as of that date.  The court denied all other pending motions, noting that the only avenues open to Melbert to challenge his indictment, conviction and/or sentence were pursuant to 28 U.S.C. §§ 2241 and 2255.  The Court rejected Melbert's collateral attack  under §2255 as time-barred and rejected Melbert's §2241 attack because he could not demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States. [Rec. Doc. 43]  Melbert appealed.  [Rec. Doc. 44]

On December 22, 2010, the Fifth Circuit Court of Appeal ordered that the "judgment of the District court is affirmed as modified in part and vacated in part."  The cause was remanded for further proceedings.  Specifically, the ruling provided:

> The judgment of the district court is affirmed, but modified to be a dismissal without prejudice with respect to any claims challenging Melbert's conviction or sentence that arose under § 2255. The judgment is vacated with respect to any § 2241 claims that challenged the manner in which his sentence is being executed. **The case is remanded for consideration of whether Melbert is entitled to any credit on his federal sentence for time served on a state sentence that Melbert had served and also for a determination of whether Melbert has exhausted his claims, thus rendering the claims ripe for judicial review.** [Rec. Doc. 50].

On March 30, 2011, Melbert filed a motion entitled 'Motion for §2255 and §2241' with exhibits in response to the Fifth Circuit ruling. [Rec. Docs. 52, 53] The remand issues were referred to the undersigned for issuance of a Report and Recommendation.

-4-

Defendant's renewed §2255 and §2241 motions were also referred to the undersigned.

[Rec. Doc. 55]

### *Positions of the Parties*

Melbert's Position:

§2241 Claims: Throughout these proceedings Melbert has contended that since there was

no probation violation/revocation in his case, the provision in his federal sentence

requiring that the federal sentence would run consecutively to any sentence he might

receive for violation of probation has no effect, and the federal sentence runs consecutive

to nothing. [Rec. Doc. 38, p. 3; Doc. 52] He has asserted that since the federal sentence

came before the state sentence, and since the later-imposed state sentence(unrelated to

any probation violation) was ordered to run concurrent with the first-imposed federal

sentence, then it is reasonable that both sentences should run concurrently, and he is a

victim of miscalculation by the BOP.  He has argued that for computation purposes, his

federal sentence commenced on the date of his arrest, or when the court accepted his

guilty plea, or surely on the date of his federal sentencing, which was prior to the

conclusion of the state cases.  [Rec. Doc. 38, p. 3; Rec. Doc. 52, p. 12] The fact that his

state sentencing occurred last, according to Melbert, gives the state judge the "effective

final word." [Rec. Doc. 38, p. 3] On that basis, Melbert argues that he has served his full

federal sentence and should be released. [Rec. Doc. 38, p.4; Rec. Doc. 52, p. 14]

On the concurrent vs. consecutive issue, Melbert cites to *Romandine v. United*

*States*, 206 F.3d 731, 738(7th Cir. 2000) for the holding that "a District Court may not require its sentence to be served concurrently or consecutively to a state sentence that will be imposed in the future."  He argues that the judge can specify the sequence only when the sentences are imposed at the same time or where the defendant is already subjected to an undischarged term of imprisonment.  On that basis, Melbert asserts that the consecutive order in this case is "nonenforceable." [Rec. Doc. 52, pp. 11-15]

On the question of Melbert's exhaustion of administrative remedies, Melbert asserts that he has filed his "nunc pro tunc and filed his letter to the US attorney" and has proceeded through the administrative processes available to him from BP-8 through BP-11, all of which were rejected.  Thus, says Melbert, he "has no plain and adequate administrative remedy to seek redress of this matter while still serving that portion of the sentence which is nonenforceable." [Rec. Doc. 52, pp. 17-19]

§2255 Claims:  In the Motion based upon provisions of 28 U.S.C.A.§2255, Melbert raises the following issues stemming from the alleged ineffective assistance by his legal counsel prior to and at the time of his guilty plea: failure to file pretrial motions after reviewing and noting alleged deficiencies in the Grand Jury proceedings and indictment, failure by his defense counsel to object to the defective indictment, failure to challenge the federal court's jurisdiction over the gun charge against Melbert, alleged by Melbert to be a violation of the Second Amendment, failure by counsel to challenge the federal court's standing in the instant matter, failure by counsel to properly investigate and object to

delays in prosecution, improperly advising Melbert to plead guilty, when he was innocent of the charges against him. Melbert argues that but for those failings by his defense counsel, he would not have plead guilty to the charges against him and he would not now be serving an unconstitutional sentence.  On those grounds, he calls for dismissal of the case against him. [Rec. Doc. 52, pp. 2-10]

The Government's Position:

Pursuant to the court's order, the government filed an Answer to Defendant's Motion for §2255 and §2241, asserting that Melbert's claims under §2255 are time-barred by provisions of 28 U.S.C. §2255, since they were not filed within one year of the date of final judgment, or the date of removal of any impediment to making the motion created by the government, or the date on which the right asserted was first recognized by the Supreme Court, or the date on which facts supporting the claim were presented and could have been discovered through the exercise of due diligence.  Since Melbert's conviction became final one year after July 26, 2004, absent a direct appeal by the defendant[2], and since Melbert's case does not fall within the purview of any other provision of §2255, then, according to the government, Melbert's claims of ineffective assistance of counsel and the alleged illegality of the sentence imposed upon him are untimely and therefore no longer viable. [Rec. Doc. 58-1, pp. 4-5] The government further asserts that even the

_____

[2]If a defendant fails to pursue a direct appeal, the conviction becomes final for purposes of filing a §2255 motion upon the expiration of the 10 day period for filing a direct appeal.  *United States v. Plascencia*, 537 F.3d 385, 388(5th Cir. 2008).

motions filed by Melbert and made subject of his appeal, if considered as §2255 motions, were not timely filed.

As to Melbert's claims under 28 U.S.C. §2241, the government argues that in order for the district court to review the defendant's allegation that he is being denied credit for time served in state custody, he must exhaust his administrative remedies with the Bureau of Prisons, citing *United States v. Dowling*, 962 F.2d 390, 393(5th Cir. 1992). In support, the government offers  documentation from the Bureau of Prisons, outlined below.

***Law and Analysis***

**I.  The Remand Questions and Melbert's §2241 Claim:**

The analysis begins with the questions remanded by the Fifth Circuit Court of Appeals, both of which relate to Melbert's claims pursuant to 28 U.S.C. §2241, considering them in reverse order.

***A. Has Melbert exhausted his administrative remedies with respect to his §2241 claims, rendering them ripe for judicial review?***

Insofar as Melbert has challenged the manner in which his sentence is being executed and he is seeking credit on his federal sentence for prior state custody, his motion attacks the computation and execution of his sentence rather than the sentence itself.  Those claims are properly considered as arising under 28 U.S.C. §2241.  *United States v. Cleto*, 956 F.2d 83, 84(5th Cir. 1992); *United States v. Brown*, 753 F.2d 455, 456(5th Cir. 1985).

-8-

After a District Court sentences a federal offender, the Attorney General, through the Bureau of Prisons(BOP), has the responsibility for administering the sentence.  In so doing, the Attorney General must make determinations as administrative matters when imprisoning the defendant.  In that context, Melbert must exhaust certain administrative remedies before the district court can review his allegations that he is being denied credit for time served in state custody, since that issue is not 'ripe' until the BOP makes a final decision on the request for review.  *United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593(1992); Pierce v. Holder,* 614 F.3d 158, 160(5th Cir. 2010); *United States v. Dowling*, 962 F.2d 390, 393(5th Cir. 1992).

The Bureau of Prisons makes available to its inmates a multi-level administrative remedy process, should informal resolution procedures fail to achieve adequate results. In most cases, the first step is to file a Request for Administrative Remedy(BP-9) locally with the Warden at the institution.  Should the request be denied, the inmate may then appeal the decision by filing a Regional Administrative Remedy Appeal(BP-10) with the Regional Director for the inmate's region.  The BP-10 must be filed within 20 days of the date of the Warden's response.  If the Regional Director denies the appeal, the inmate can appeal the decision by filing a Central Office Administrative Remedy Appeal(BP-11) with the General Counsel at National Inmate Appeals in Washington, D.C.  The BP-11 must be filed within 30 days of the Regional Director's response.  If that appeal is denied, then the inmate may file a civil action.  The appeal to the General Counsel is the final

administrative remedy in the BOP process.

In the instant case, records from the administrative remedy database, submitted into the record by the government, indicate that Melbert has filed four(4) administrative remedy requests concerning his sentence computation:

a. In February, 2009, Melbert sought to have credit for time spent in state custody applied toward his federal sentence. That request was determined to be inappropriate by the BOP. [Rec. Doc. 58-3]

b. On July 6, 2009, Melbert wrote to the prosecutor in his case to raise the question of the running of his federal and state sentences, which he believed should be run concurrently, and requesting such designation *nunc pro tunc*. [Rec. Doc. 53-B]

c. On November 30, 2009, Melbert filed a Documentation of Informal Resolution Attempt, making the same request and calling for his release based on the alleged completion of service of his federal sentence. [Rec. Doc. 53, pp. 7-8]

d. On December 14, 2009, Melbert filed a BP-9(#568927-F1) regarding his sentence computation. [Rec. Doc. 53, pp. 9-10] The Warden responded to the remedy on December 23, 2009. While Melbert's sentence credit request was denied, he was informed that his sentence would be reviewed for applicability toward a *Nunc Pro Tunc* designation. He was reminded that he must continue the administrative remedy process in order to be advised of the determination. He was also informed of the finding that his sentence computation had been calculated correctly. Finally, Melbert was informed that he had 20 days to appeal the Warden's decision. [Rec. Doc. 53, p. 11]

e. On January 14, 2010, Melbert filed a BP-10(#568927-R1) regarding his sentence computation. [Rec. Doc. 53, pp. 13-14] The remedy was rejected because it was unsigned. Melbert was given 15 days to re-file, which he did on February 3, 2010(#568927-R2). The remedy was denied by the Regional Director on March 31, 2010, noting that Melbert's sentence computation had been reviewed and found to be accurately computed, and further informing Melbert of his right to appeal the decision within 30 days. [Rec. Doc. 53, pp. 15-16] In that document, note was made of the fact that on August 13, 2008, Melbert was paroled from his state sentence to USMS custody based on the federal detainer filed against him. At that point, he was designated and delivered to the BOP, for service of his federal term. The document also indicated:

[S]taff verified credit from the date of your arrest on

> September 3, 2002, through the date you paroled from your
> state term on August 13, 2008, was applied toward your state
> sentence. [Rec. Doc. 53, p. 15]

e. There is no record that Melbert filed an administrative remedy
appeal(BP-11) with the General Counsel until January 19, 2011, more than
nine months after Melbert's receipt of the Regional Director's response.
[Rec,. Doc. 53, p. 18]The remedy was rejected on February 1, 2011, as
untimely, however Melbert was given the opportunity to re-file the appeal
within 15 days if he could show that the untimeliness was not his fault.
[Rec. Doc. 53, p. 17]  He failed to re-file the BP-11. [Rec. Doc. 58-2]

The record contains the declaration of Mike Flagor [Rec. Doc. 58-2], a Paralegal
Specialist at the Federal Detention Center in Houston, Texas.  Flagor attests that he has
accessed and reviewed the BOP database for any remedies sought by Chad Melbert since
his sentencing, confirming those offered into the record by Melbert, and outlined above,
as the only remedies sought.

The undersigned finds that  Melbert went through the administrative process
available to him on the issue of the computation of his sentence and crediting of time
served, to the BP-11 stage. His persistent efforts demonstrate that he was aware of the
process requirements and deadlines.   Despite his late filing of the last level BP-11 appeal,
he was allowed an additional time extension to complete the process.  He failed to do so.
Therefore, Melbert has failed to exhaust his administrative remedies relative to his claims
under §2241. The requirement of exhaustion of administrative remedy is judicially
created, however, and §2241 contains no statutory exhaustion requirement.  Therefore, a
court can deny a §2241 habeas corpus petition on the merits without reviewing the
exhaustion question.  *See United States v. Eccleston*, 521 F.3d 1249, 1253(10th Cir.), *cert*

-11-

*denied*, __ U.S. __, 129 S.Ct. 430, 172 L. Ed. 2d 311(2008); *Whitehurst v. Burks*, 2009

WL 926995(S.D. Texas, 2009).  In the instant case, the undersigned concludes that even

setting aside the exhaustion question, Melbert's claim to credit for time served on his

state sentence fails.

### B. Is Melbert entitled to any credit on his federal sentence for time served on the state sentence he served?

In sentencing Melbert, the district court declared that the federal sentence imposed

would run consecutive to  any sentence that Melbert were to receive for violation of his

state probation*,* and with credit for time served. [Rec. Doc. 30] The judgment is silent as

to any other anticipated, but yet-to-be-imposed state sentence, which sentence was, in

fact, imposed only days later in state court, and declared by the state court to run

concurrent with the federal sentence. [Rec. Doc. 39]

The 'concurrent  vs. consecutive' computation methods are at the heart of

Melbert's challenge to the computation and execution of his federal sentence and his

claim of entitlement to a credit.  The challenge implicates provisions of 18 U.S.C.

§3584(a), which provides in pertinent part:

> Imposition of concurrent or consecutive terms.-If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively....  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  **Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently**. *[Emphasis added]*  18 U.S.C. §3584(a)*.*

The statute has two functions: First, it grants federal sentencing courts the discretion to impose concurrent or consecutive sentences except in specified circumstances.  Second, it creates a presumption regarding whether multiple terms of imprisonment run concurrently or consecutively when the sentencing court is silent on the matter.  Melbert's reliance on *Romandine v. United States*, 206 F. 3d 731, 738(7th Cir. 2000) for the holding that "a District Court may not require its sentence to be served concurrently or consecutively to a state sentence that will be imposed in the future" is misplaced, since the Fifth Circuit has reached a different conclusion, construing §3584(a) as granting the sentencing federal court the discretion to order a federal term of imprisonment to run concurrently with or consecutive to an anticipated, but yet-to-be-imposed state sentence. See *United States v. Hernandez*, 234 F.3d 252, 256(5th Cir. 2000)(a district court may impose a sentence to be served consecutively to a yet-to-be-imposed state sentence).

In the instant case, the federal sentence makes specific reference to the consecutive running of Melbert's sentence to "any sentence the defendant receives for violating his probation." [Rec. Doc. 30]  Melbert makes the point that he "was not violated for probation," and he alleges that

> ...in fact my probation had expired prior to my Federal sentence, there was no sentence for probation violation.  Thus there was no consecutive sentence according to Title 18 USC §3584(a). [Rec. Doc. 53, p. 5 of 18]

A review of the record, and specifically, Melbert's guilty plea and sentencing by Judge

-13-

Wilford Carter in Lake Charles, Louisiana on July 14, 2004, confirms Melbert's assertion that he was never "violated for probation,"[3] however, that would not end the 'concurrent vs. consecutive' analysis, since the federal sentence is silent regarding the running of that sentence with state court sentences other than the anticipated probation violation.

The Fifth Circuit has recognized that when a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently.  *See Free v. Miles*, 333 F.3d 550, 553(5th Cir. 2003). Since the language of the federal sentence in this case does not reference the term 'concurrent' at all, and since the sentence is silent as to Melbert's anticipated, but yet-to-be-imposed state sentence, this Court will apply the recognized presumption that all aspects of Melbert's federal sentence are intended to run consecutively to the state court sentence handed down by Judge Carter.

The Constitution affords no right to have state and federal sentences run concurrently.  *United States v. Dovalina*, 711 F.2d 737, 739(5th Cir. 1983).   "It is constitutionally permissible for the state and federal governments to each impose a sentence on a defendant based on the commission of a single act constituting offenses under both state and federal law."  *United States v. Shillingford*, 586 F.2d 372, 375(5th Cir. 1978).  "A person who has violated the criminal statutes of both the Federal and State

---

[3]Documentation of Melbert's state plea and sentencing indicates that the charge for possession of marijuana with intent(Charge 00-cr-007576) was one of "11 remaining charges ... nolle prosse outright by the State." [Rec. Doc. 39]

Governments may not complain of the order in which he is tried or punished for such

offenses." *Dovalina*, 711 F.2d at 739(quoting *Gunton v. Squier*, 185 F.2d 470, 471(9th

Cir. 1950)).  In the absence of a violation of the Constitution or federal law, the fact that

Melbert's federal sentence was ordered to run consecutively to any sentence he might

receive for his probation violation and the application of the presumption that the sentence

would run consecutively with the later-imposed state sentence for the same incident do not

entitle Melbert to habeas relief under §2241.

It is of no moment that the sentencing state court determined that Melbert could

serve his state sentences concurrently with his federal sentence, since the state sentence

does not bind the BOP, as the Fifth Circuit has already recognized in the instant case.

[Rec. Doc. 50]; *Leal v. Tombone,* 341 F.3d 427, 429 n.13(5th Cir. 2003)*(per curiam).* "[A]

determination as to concurrence of sentence made by one sovereign does not bind the

other." *Jake v. Herschberger,* 173 F.3d 1059, 1065(7th Cir. 1999); *U.S. v. Kellogg*,

WL1312479(W.D.La. 2006)(Not Reported).

The authority to calculate federal prison sentences, and to grant sentence credit of

the sort requested by the defendant, is vested with the United States Attorney General,

which power is delegated to the Bureau of Prisons.  See *United States v. Wilson*, 503 U.S.

329, 331-333, 112 S.Ct. 1351, 117 L.Ed.2d 593(1992).  Computing a federal sentence

requires two separate determinations: first, when the sentence commences; and, second, to

what extent the defendant in question may receive credit for any time already spent in

custody.  Both determinations are governed by 18 USC §3585, the statute which governs the calculation of a federal term of imprisonment.  According to that statute, a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.  18 U.S.C.A. §3585(a).  In the instant case, based on the record, that date is <u>August 13, 2008.</u> [Rec. Doc. 53, p.15]  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1)as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.  Section 3585(b) specifically excludes from the calculation time that has been "credited against another sentence."  Thus, the statute does not require the award of double credit.

To the extent that Melbert seeks credit for time served and credited against a different sentence, his claim has no merit.  The record establishes that Melbert's state court sentence, imposed July 14, 2004, allowed him 'credit for time served since September 2, 2002.[Rec. Doc. 39, p. 4 of 10]  The record references no other sentence time for which Melbert might be credited.  Since that time has already been credited against another sentence, and since Melbert's federal sentence does not declare that it should run concurrent with his state court sentence, Melbert cannot now receive 'double credit.'

*United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593(1992).  *See*

*Leal v. Tombone*, 341 F.3d 427, 430(5th Cir. 2003)(holding that the BOP was not required

to credit time spent in state custody toward the defendant's federal sentence because that

time was already "credited against another sentence").

  Melbert has failed to show that he is entitled to receive credit again toward his

federal sentence for time spent in state custody, or that his federal sentence has been

calculated incorrectly.  Therefore,  he is not entitled to relief from his sentence under 28

USCA §2241.

## II.  Melbert's §2255 Claim

    In this portion of the petition, Melbert alleges ineffective assistance of

counsel tied to what he argues was a defective indictment and the district court's lack of

jurisdiction over the firearms charge because it cannot interfere with his Second

Amendment right to bear arms. (Rec. Doc. 52)  Section 2255 provides four grounds

justifying relief: (1) that the sentence was imposed in violation of the Constitution or laws

of the United States; (2) that the court was without jurisdiction to impose such a sentence;

(3) that the sentence was in excess of the maximum authorized by law; and (4) that the

sentence is otherwise subject to collateral attack.  While this language appears broad, the

scope of relief is actually narrow:

> Following a conviction and exhaustion or waiver of the right to direct
> appeal, we presume a defendant stands fairly and finally convicted.  *United*
> *States v. Shaid*, 937 F.2d 228, 231-32(5th Cir. 1991)(*en banc*), cert. denied,
> 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141(1992).  As a result, review

of convictions under §2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *Id.* Other types of error may not be raised under §2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Pierce*, 959 F. 2d 1297, 1301(5th Cir.), *cert denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554(1992). *United States v. Cervantes*, 132 F.3d 1106, 1109(5th Cir.) *Reh. denied*(1998).

An error of law does not provide a basis for *habeas* relief under §2255 unless it constitutes "a fundamental defect" causing a "complete miscarriage of justice." *Brecht v. Abrahamson*, 507 U.S. 619, 634, fn.8, *reh. denied*, 508 U.S. 968(1993) (*quoting Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed. 2d 417(1962).

Even well-founded §2255 claims must be made timely, however, and the record in this case establishes that Melbert's §2255 claims are untimely.  The section was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996(AEDPA) to provide a one-year statute of limitations for the filing of motions pursuant to §2255(f). Under that provision, the one year limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the

facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S. C. §2255(f).

Melbert's conviction became final by July 22, 2004, when the time for seeking direct appellate review in the United States Fifth Circuit Court of Appeals expired, that is 10 days after the entry of Judgment on this court's criminal docket sheet. [Rec. Doc. 31]; F.R.A.P. 4(b)(1)(A)(I) and (6); *United States v. Gamble*, 208 F.3d 536(5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350(5th Cir. 2000); *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed. 2d 88(2003).  The petition before the court was not filed until March 30, 2011, (Rec. Doc. 52) and therefore, is time barred under §2255(f)(1). However, one of the grounds alleged in the present petition was arguably set forth in one of the "letter motions" filed on February 19, 2010 (Rec. Doc. 42). While in no way recharacterizing that "letter motion"  as a petition for *habeas* relief under §2255, even if it was so recharacterized, that motion was not filed until over five and one-half years after his conviction became final.

Thus, because Melbert failed to file his petition until after the one-year limitation period expired, his claims are barred by the limitations period established by §2255(f)(1) unless he can establish that his claim falls within one of three statutory exceptions which can, in appropriate cases, extend the time for filing a §2255 motion beyond the one year period after final conviction.

The undersigned finds no evidence that any provision of §2255(f) other than

subparagraph one applies to determine the time limitation for the filing of petitioner's

claim.  The petitioner has made no argument that any other provision might apply and

there is nothing in the record to suggest any other provision might apply.

However, even in §2255 cases, the statutory limitations are "subject to equitable

tolling in appropriate cases."  *Holland v. Florida*, __ U.S. __, __, 130 S.Ct. 2549, 2560,

177 L.Ed.2d 130(2010), *United States v. Jackson*, 2012 WL 1521684 (5th Cir. May 1,

2012); *United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009) (discussing equitable

tolling of §2255 petition).   As recently set forth by the Fifth Circuit in *United States v.*

*Jackson*:

> A petitioner is entitled to equitable tolling only if he shows (1) that he has
> been pursuing his rights diligently, and (2) that some extraordinary
> circumstance stood in his way and prevented timely filing. *Holland,* 130
> S.Ct. at 2562(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct.
> 1807, 161 L.Ed.2d 669(2005); . . . The "diligence required for equitable
> tolling purposes is reasonable diligence, not maximum feasible diligence."
> *Holland*, 130 S.Ct. at 2565(citation and internal quotation marks omitted).
> "Equitable tolling is permissible only in rare and exceptional circumstances."
> *United States v. Wynn*, 292 F.3d 226, 230(5th Cir. 2002)(citation and
> internal quotation marks omitted).  We do not extend equitable tolling under
> §2255(f) to instances of "excusable neglect."  *United States v. Kirkham*, 367
> F. App'x 539, 541(5th Cir. 2010)(*quoting Irwin v. Dept of Veterans Affairs*,
> 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.,Ed.2d 435(1990)).  The decision to
> invoke equitable tolling is left to the discretion of the district court.  *Cousin*
> *v. Lensing*, 310 F.3d 843, 848(5th Cir. 2002).

In the instant case, the Government has raised the timeliness issue in briefing; the

defendant has offered no response, or any argument whatsoever that he is entitled to

equitable tolling on the issues presented in the 2255 claims.[4]  Since, the undersigned finds nothing in the record to support Melbert's entitlement to equitable tolling, his claims are barred by the limitations period established by §2255(f)(1).

### Conclusion and Recommendation

Because the district court did not specify that Melbert's federal sentence would run concurrently with any later-imposed state sentence, the federal sentence runs consecutively to his later-imposed state sentence.  Melbert has not shown that such consecutive sentences violate the United States Constitution or federal law, and the Constitution affords no right to have state and federal sentences run concurrently.  See *United States v. Dovalina*, 711 F.2d 737, 739(5th Cir. 1983).  Similarly, there is no federal statute that provides a prisoner a right to concurrent sentences.  In the absence of a violation of the Constitution or federal law, the fact that the BOP has calculated Melbert's federal sentence to run consecutive to the later-imposed state sentence entitles Melbert to no *habeas* relief under §2241.  The BOP's decision is consistent with well-settled federal law regarding consecutive sentences when the federal judgment is silent on the matter.  Thus, Melbert's §2241 attack on the manner in which his federal sentence is being executed fails.

Since Melbert did not file his §2255 motion within one year of his judgment becoming final, it is time barred unless he can show that the time should be tolled. There is

---

[4] Since this is a report and recommendation, petitioner may object to the recommendation and direct the district court to what evidence he believes may entitle him to equitable tolling.

-21-

nothing in the record to conclude that it should be, and therefore, his motion pursuant to §2255 is time-barred.

Based on the foregoing analysis and discussion, it is recommended that Melbert's petition for writ of *habeas corpus* pursuant to §2241 be DENIED.  It is further recommended that Melbert's motion pursuant to §2255 be DENIED, as time-barred.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of

-22-

appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §  2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 30th day of May, 2012.

_____
Patrick J. Hanna
United States Magistrate Judge

-23-